IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH MCCORMICK CONSTRUCITON COMPANY, INC., <br><br> Plaintiff <br><br> vs. <br><br> DDR CORP. F/K/A DEVELOPERS DIVERSIFIED REALTY CORP., <br><br> Defendant <br><br> vs. <br><br> CONTROL BUILDING SERVICES, INC., CONTROL EQUITY GROUP, INC., EDWARD TUREN, individually, and NEAL TUREN, individually, <br><br> Additional Defendants. | 13-cv-231E |

## MEMORANDUM OPINON AND ORDER

Pending before the Court are Defendant DDR's Motion to Remand [ECF #15], and Plaintiff McCormick Construction's Motion to Remand [ECF #18].

Plaintiff McCormick Construction Company ("McCormick") originally filed suit against Defendant DDR Corp. ("DDR") in April 2013 in the Court of Common Pleas of Erie County, alleging breach of contract and seeking $52,240 in damages for DDR's failure to pay McCormick for a paving job performed by McCormick at a property managed by DDR. DDR then filed a Complaint to Join Additional Defendants against Defendants Control Building Services, Inc. ("CBS"), Control Equity Group, Inc. ("CEG"), Edward Turen, and Neal Turen

("DDR's Complaint") in the Court of Common Pleas of Erie County on June 20, 2013. Not named in either Complaint is Oxford Building Services, Inc. ("Oxford"), a company allegedly affiliated with CBS, CEG, and the Turens; DDR and Oxford had entered in a Services Agreement, whereby DDR provided funds to Oxford for the sole purpose of Oxford paying vendors, like McCormick, for work done on DDR properties. Oxford filed for bankruptcy in the United States Bankruptcy Court for the District of New Jersey in February, 2013.

Essentially, DDR alleges in its Complaint that under the Services Agreement Oxford should have paid McCormick for the paving work done, but did not do so. DDR further alleges that the reason McCormick was not paid was because the named defendants perpetuated a scheme whereby they misappropriated the money that DDR had given Oxford pursuant to the Services Agreement and therefore, any money DDR owes McCormick, they owe DDR.

DDR also brought an indemnification claim against CBS only. The factual basis for this claim was that DDR alleged it and CBS had entered into a Guaranty Agreement whereby CBS unconditionally guaranteed all the obligations of Oxford to DDR.

On July 30, 2013, all of the named defendants in the Complaint to Join Additional Defendants except Neal Turen ("the Additional Defendants"), filed a Notice of Removal with this Court pursuant to 28 U.S.C. §§1441, 1334, and 1452, claiming that the case was "related to" Oxford's bankruptcy proceeding. In particular, they alleged:

> [t]he State Action has the potential to impact the Oxford Bankruptcy. It is related to the Oxford Bankruptcy because the original defendants are suing the Additional Defendants for obligations allegedly due from one or more of the Debtors therein and if the Removing Defendants were to pay or be held liable for such obligations, the Additional Defendants would have claims for indemnification against the Debtors' estate. The Complaint to Join arises from the original defendant's allegations that Oxford misappropriated its funds and breached a Services Agreement between DDR and Oxford and that CBS breached its Guaranty of the Services Agreement by failing to ensure Oxford's performance of its obligations and by failing to ensure that all sums due under the Services

2

Agreement were paid. Further, the State Action relates to the Oxford Bankruptcy because it affects the Debtors' estate, as the Additional Defendants are indemnified and would have claims against the Debtors for indemnity in connection with the claims asserted against the Additional Defendants under the State Action.

Notice of Removal, ¶ 7.

On August 21, 2013, DDR and McCormick filed their Motions to Remand. Essentially three bases for remanding the case back to state court are set forth in the Motions to Remand. The first argument is that remand is necessary because the bankruptcy removal statutes are inapplicable in that this action is not sufficiently "related to" a federal bankruptcy proceeding and therefore, we lack subject matter jurisdiction over the Complaint. The second contention is that if we have subject matter jurisdiction, remand still is required by the mandatory abstention doctrine, see 28 U.S.C. §1334(c)(2), in that the original complaint did not qualify for diversity or federal question jurisdiction. Finally, the third argument is that even if we have subject matter jurisdiction and the mandatory abstention doctrine is inapplicable, the Court should exercise its discretion and remand the case for equitable reasons.

Importantly, there was a companion case to this action, the only significant difference being the named plaintiff, that was removed from state court to this Court by the Additional Defendants at the same time this action was removed from state court to federal court. See Thomas Suddarth & Son Asphalt Paving Company, Inc. v. Developers Diversified Realty Corporation et al. v. Control Equity Group, Inc., Edward Turen, and Neal Turen, 1:13-cv-232. On August 30, 2013, faced with the identical motion to remand filed by DDR, Judge Fischer issued a Memorandum Order in which she remanded the case back to state court. In so doing, she began by explaining: "[i]t is settled that the removal statutes are to be strictly construed against removal." Memorandum Order, p. 1 (quoting Steel Valley Authority v. Union Switch

and Signal Division, et al., 809 F. 2d 1006, 1010 (3d Cir. 1987)). Judge Fischer then determined that the Additional Defendants had not satisfied their burden of establishing that the case was "related to" Oxford's bankruptcy proceeding, explaining "[t]he fact that a defendant may seek indemnity from a bankruptcy estate does not necessarily make a proceeding 'related to' a bankruptcy," and finding "Additional Defendants' tenuous link to the New Jersey bankruptcy proceeding are insufficient to create jurisdiction in this Court. Id. at p. 2 (citations and quotations omitted).

Upon review of the facts alleged in the various pleadings and the applicable law, this Court agrees with Judge Fischer's above analysis of the matter and finds, for the same reasons, that this action is not "related to" the Oxford bankruptcy case such that removal is proper pursuant to 28 U.S.C. §§1441, 1334, and 1452ursuant to 28 U.S.C. §§1441, 1334, and 1452. Accordingly, we lack subject matter jurisdiction over this action and Defendant DDR and Plaintiff's McCormick's Motions to Remand must be granted. An appropriate Order follows:

## ORDER

AND NOW, this 9th day of September, 2013, IT IS HEREBY ORDERED, ADJUDGED and DECREED that Defendant DDR's Motion to Remand and Plaintiff's Motion to Remand are GRANTED.

IT IS FURTHER HEREBY ORDERED, ADJUDGED, and DECREED that this case shall be remanded to the Court of Common Pleas of Erie County, forthwith.

IT IS FURTHER HEREBY ORDERED, ADJUDGED, and DECREED that the Clerk of

Court shall mail a certified copy of this order to the clerk of the Court of Common Pleas of Erie

County pursuant to 28 U.S.C § 1447(c); and,

IT IS FURTHER HEREBY ORDERED, ADJUDGED, and DECREED that the Clerk of

Court shall mark this case CLOSED.


*Maurice B. Cohill, Jr.*

Maurice B. Cohill, Jr.
Senior District Court Judge